**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 2:22-cr-241(2)** |
| | : | |
| **Plaintiff,** | : | **Judge Algenon L. Marbley** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT L. HALEY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Robert L. Haley's *pro se* Motion for Early Termination of Supervised Release. (ECF No. 69). The Government does not oppose this Motion. (ECF No. 70). For the following reasons, Mr. Haley's Motion is **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND**

On March 24, 2023, Defendant Haley pleaded guilty to one count of Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (*See* ECF No. 44). On August 28, 2023, he was sentenced to a term of imprisonment of twelve months and one day, to be followed by a three-year term of supervised release. (ECF No. 61 at 2–3).

Haley's term of supervised release began in November 2023, and he has now served over two-and-a-half years of a three-year term. (ECF No. 70 at 1). On June 8, 2026, he moved *pro se* for early termination of his supervised release. (ECF No. 69 at 1). He explains that early termination will help him to travel to Michigan quickly to see his aging parents in case of an emergency. He also hopes he can travel and take a cruise with his parents while they have the capacity to travel. (*Id.* at 2–3). He argues that early termination is appropriate given the progress

1

he has made, explaining that he has satisfied all the requirements of supervised release, maintained steady employment, and obtained a Class A commercial driver's license.  (*Id.* at 1–2).

Haley also requests the expungement of his record, explaining that his felony conviction has prevented him from further advancement from his $30/hour position to a $34 to $37/hour position.  (*Id.* at 1–2).  He wants "to have [his] life back without a sign or weight of being looked down on or frown[ed] at for having a felony."  (*Id.* at 4).

After consulting with probation, the Government confirms that it does not oppose early termination of supervised release because Haley has served most of the period of supervision, consistently submits negative drug screens, is gainfully employed, and appears to have a stable family and home life.  (ECF No. 70 1–2).  The Government fails to address the record expungement request.

## II.    EARLY TERMINATION OF SUPERVISED RELEASE

### A.  Standard of Review

A court may "order early termination of the period of supervised release" when the defendant "has served one full year of supervised release."  *United States v. Green*, 2009 WL 1606603, at *1 (S.D. Ohio June 5, 2009) (Marbley, J.) (citing 18 U.S.C. § 3583(e)(1)).  Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct *and* is in the interest of justice.  *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025).  Courts must consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  18 U.S.C. § 3583(e).  These factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other

corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim. 18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

### B. Law & Analysis

After carefully considering the statutory requirements, the Court determines that the first three factors apply. First, although Haley's offense is serious, he, his probation officer, and the Government all agree that he has been successful while on supervised release. (ECF Nos. 69 at 1; 70 at 2). This factor is neutral. *See United States v. Houle*, 2026 WL 292222, at *1 (S.D. Ohio Feb. 4, 2026) (Marbley, J.) (fentanyl offense neutral where defendant's other history and characteristics showed that the defendant has been a law-abiding member of society on supervised release). Second, Haley has now served his term of imprisonment, along with almost all of his term of supervised release. The Court finds that his punishment has served the purpose of adequate deterrence. This factor weighs slightly in favor of early termination. *United States v. Hodge*, 2026 WL 1283496, at *2 (S.D. Ohio May 11, 2026) (Marbley, J.). Third, the Court is satisfied that the public has been adequately protected from Haley, in light of the opinion shared by both the Government and the probation officer that "early termination seems appropriate." (ECF No. 70 at 2). This factor also weighs in favor of early termination. *Houle*, 2026 WL 292222, at *1.

The parties do not address the need to provide Haley with any treatment, the sentencing range, sentencing disparities, or policy statements of the Sentencing Commission, and the Court finds that these factors are inapplicable. And since no victim is identified as needing restitution, (ECF No. 61 at 6), that factor is also essentially irrelevant. *United States v. Emmert*, 2025 WL

3165226, at *2 n.2 (S.D. Ohio Nov. 13, 2025) (Marbley, J.).  In sum, the first three factors, which are the applicable ones, are either neutral or tilt in favor of early termination.

Last, in evaluating Haley's conduct and the interests of justice, the Court concludes that both favor early termination of supervised release.  The Government indicates that Haley has been fully compliant while on supervised release.  (ECF No. 70 at 1–2).  And Haley seeks early termination so that he can visit his aging parents as need be in case of emergencies.  (*Id.*).  Taken together, these considerations also favor early termination.  The Court concludes that Haley has the capability to be successful without supervision.  He has maintained stability and productivity while complying with the terms of his supervised release and taking care of his aging parents.  *United States v. Holmes*, 2025 WL 2589569, at *2 (E.D. Mich. Aug. 14, 2025) (granting early termination where defendant "exhibited commendable compliance with his supervision terms," remained crime-free, and was the primary caregiver for elderly parent).

Early termination of Haley's few remaining months of supervised release is appropriate.

### III.    EXPUNGEMENT

Although Haley succeeds in his request for early termination of supervised release, his request to expunge his record fails.  Generally, federal courts may not expunge records of valid arrests, indictments or convictions.  *United States v. Flagg*, 178 F. Supp. 2d 903, 905 (S.D. Ohio 2001) (Rice, J.).  Certain exceptions to the general rule do exist, as expungement may be employed as a remedy for violations of constitutional or statutory rights.  *See id.* at 906 (citing *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997)).  Although in the past the Sixth Circuit has sometimes characterized expungement as an exercise in equitable jurisdiction, *e.g.*, *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010) (Marbley, J., by designation) (citing *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977) ("It is within the inherent equitable powers

of a federal court to order the expungement of a record in an appropriate case.")), more recently the appellate court has clarified and delineated federal court jurisdiction over expungement, explaining that federal courts "[lack] jurisdiction over motions for expungement premised solely on equitable considerations." *United States v. Valueland Auto Sales, Inc.*, 847 F. App'x 344, 345–46 (6th Cir. 2021) (affirming denial of motion to expunge records of dropped charges and indictments from Government records, where the motion was directed at the executive branch).

Here, Haley's only basis for expungement is that he "has maintained good conduct and that [his] record . . . harms [his] employment opportunities." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). His request is "grounded on purely equitable considerations," and therefore this Court lacks jurisdiction to grant the requested relief. *Id.* Were Haley seeking expungement based on a "challenge [to] an unconstitutional conviction or illegal arrest," or if he made some other "constitutional claim," jurisdiction might exist. *Id.* (citing *Carey*, 602 F.3d at 739). But federal courts cannot expunge records of a felony conviction "based on the inability to obtain employment even though a defendant has attained many accomplishments since conviction and has lived a law-abiding life." *United States v. Hasanzadeh*, 2025 WL 1019763, at *1 (E.D. Mich. Apr. 4, 2025).

## IV.   CONCLUSION

This Court appreciates Mr. Haley's frustration with the obstacles that come with a felony conviction. But the post-conviction accomplishments and considerations he raises do not provide a legal reason for a federal court to expunge his felony conviction, and therefore, to the extent he seeks to expunge records of his criminal conviction, his request is **DENIED**

On the other hand, those same post-conviction accomplishments and considerations militate in favor of early termination of supervised release. This Court commends Mr. Haley for

the progress he has made and wishes him well.  His motion for early termination of supervised release is **GRANTED**.

The United States Probation Office for the Southern District of Ohio is **ORDERED** to **TERMINATE** the supervised release of Robert L. Haley.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 16, 2026**